966 F.2d 1443
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: P. LEWIS PITTS, JR., Appellant,
ROBESON DEFENSE COMMITTEE; Carnell Locklear; Mary
Sanderson; Thelma Clark; Eleanor Jacobs; Betty
McKellar; Eddie Hatcher; Timothy Bryan
Jacobs, Plaintiffs,
v.
Joe Freeman Britt; Richard Townsend; Lee Sampson; Hubert
Stone; Lacy Thornburg; Robert Morgan; James
Bowman; James G. Martin, Defendants-Appellees,
and
SBI DOE, I; Sbi Doe, II; Sbi Doe, III; Deputy Sheriff
Doe, I; Deputy Sheriff Doe; II; Deputy Sheriff Doe, III;
Deputy Sheriff Doe, IV; Deputy Sheriff Doe, V; Da Doe, I;
Da Doe, II; Da DoE, III; Robeson County Defendants.
WASHINGTON LEGAL FOUNDATION; Jesse Helms, U. S. Senator;
The Allied Education Foundation, Amici Curiae
In Re: BARRY NAKELL, Appellant,
ROBESON DEFENSE COMMITTEE; Carnell Locklear; Mary
Sanderson; Thelma Clark; Eleanor Jacobs; Bettt
McKellar; Eddie Hatcher; Timothy Bryan
Jacobs, Plaintiffs,
v.
Joe Freeman BRITT; Richard Townsend; Lee Sampson; Hubert
Stone; Lacy Thornburg; Robert Morgan; James
Bowman; James G. Martin, Defendants-Appellees,
and
SBI DOE, I; Sbi Doe, II; Sbi Doe, III; Deputy Sheriff
Doe, I; Deputy Sheriff Doe, II; Deputy Sheriff Doe, III;
Deputy Sheriff Doe, IV; Deputy Sheriff Doe, V; Da Doe, I;
Da Doe, II; Da Doe, III; Robeson County, Defendants.
WASHINGTON LEGAL FOUNDATION; Jesse Helms, U. S. Senator;
The Allied Education Foundation, Amici Curiae
In Re: William M. Kunstler, Appellant,
ROBESON DEFENSE COMMITTEE; Carnell Locklear; Mary
Sanderson; Thelma Clark; Eleanor Jacobs; Betty
McKellar; Eddie Hatcher; Timothy Bryan
Jacobs, Plaintiffs,
v.
Joe Freeman BRITT; Richard Townsend; Lee Sampson; Hubert
Stone; Lacy Thornburg; Robert Morgan; James
Bowman, James G. Martin, Defendants-Appellees,
and
SBI DOE, I; Sbi Doe, II; Sbi Doe, III; Deputy Sheriff
Doe, I; Deputy Sheriff Doe, II; Deputy Sheriff Doe, III;
Deputy Sheriff Doe, IV; Deputy Sheriff Doe, V; Da Doe, I;
Da Doe, II; Da Doe, III; Robeson County, Defendants.
WASHINGTON LEGAL FOUNDATION; Jesse Helms, U. S. Senator;
The Allied Education Foundation, Amici Curiae
 Nos. 91-2265, 91-2266, & 92-2267.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 5, 1992
Decided: July 2, 1992
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CA-89-6-3-CIV-H)
 Argued: Jonathan D. Sasser, Moore & Van Allen, Raleigh, North Carolina; Morton Stavis, Center For Constitutional Rights, New York, New York; P. Lewis Pitts, Christic Institute South, Durham, North Carolina, for Appellants.
 David Roy Blackwell, Special Deputy Attorney General, North Carolina Department of Justice, Raleigh, North Carolina, for Appellees.
 On Brief: Martha A. Geer, Patterson, Harkavy, Lawrence, Van Noppen & Okun, Raleigh, North Carolina, for Appellant Nakell;
 Alan McSurely, Chapel Hill, North Carolina, for Appellant Kunstler.
 Lacy H. Thornburg, Attorney General for North Carolina, James J. Coman, Senior Deputy Attorney General, Joan H. Byers, Special Deputy Attorney General, North Carolina Department of Justice, Raleigh, North Carolina; Steven C. Lawrence, Anderson, Broadfoot, Johnson & Pittman, Fayetteville, North Carolina, for Appellees.
 Daniel J. Popeo, Richard A. Samp, Washington Legal Foundation, Washington, D.C., for Amici Curiae.
 E.D.N.C.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 We are once again presented with an appeal by attorneys William Kunstler, Barry Nakell, and Lewis Pitts ("appellants") following the order of the district court imposing Rule 11 sanctions against them. The sole issue we must decide is whether the district court abused its discretion by imposing sanctions in the amount of $50,000 against the appellants.
 
 
 2
 The substantive facts of this case are set out fully in In re Kunstler, 914 F.2d 505 (4th Cir. 1990), cert. denied, 111 S. Ct. 1607 (1991), and will not be repeated in detail. On January 31, 1989, appellants brought on behalf of eight plaintiffs against various North Carolina state and local officials ("defendants") as 1983 action which was dismissed pursuant to Rule 41(a)(2) on May 2, 1989. On June 13, 1989, the state defendants filed a motion for sanctions under Rule 11, and the county defendants filed a similar motion on July 5, 1989. The district court, following arguments of counsel, found that the appellants had brought the civil suit for an improper purpose and had failed to make a reasonable inquiry to determine if the complaint was well grounded in fact and warranted by existing law. The court imposed sanctions of $122,834.28 and the attorneys appealed.
 
 
 3
 We affirmed the district court's holding that the appellants had violated all three prongs of Rule 11, but we vacated the sanctions imposed and remanded to the district court with instructions for reconsideration of the appropriate sanctions.
 
 
 4
 On remand, the district court heard argument from counsel regarding the appropriate sanctions and imposed sanctions of $50,000. The attorneys once again appeal. We review the imposition of sanctions for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384,, 110 S.Ct. 2447, 2460 (1990); Kunstler, 914 F.2d at 513.
 
 
 5
 Appellants first challenge the award of monetary sanctions, arguing that non-monetary sanctions would have been sufficient to meet the purposes of Rule 11. We disagree. The district court considered various non-monetary sanctions, including a reprimand, mandatory continuing legal education, and mandatory pro bono work, but concluded that the circumstances surrounding this case required the imposition of monetary sanctions in order to deter future litigation abuse. Such a determination is within the court's discretion, and we find no abuse in this ruling.
 
 
 6
 Appellants next contend that the amount of the monetary sanction is excessive. In the prior appeal, we set forth four factors a district court should consider in determining the appropriate amount of sanctions: (1) the reasonableness of the injured party's requested fees and expenses; (2) the minimum necessary to deter; (3) the sanctioned party's ability to pay; and (4) other factors relating to the severity of the Rule 11 violation. Kunstler, 914 F.2d at 523.
 
 
 7
 Reasonable fees include only those fees charged for time spent responding to the sanctioned claims and do not include time spent pursuing Rule 11 sanctions. Id. The district court reviewed the fees and expenses claimed by defendants, a total of $92,834.28, and reduced this amount by the amount of fees and expenses incurred in pursuing Rule 11 sanctions. The court concluded that the remaining fees and expenses totalling $59,000 were reasonable, and after considering the appellants' ability to pay, the minimum necessary to deter, and the severity of the violation, imposed sanctions in the amount of $50,000.
 
 
 8
 Appellants contest the costs claimed by the defendants for time spent by paralegals and SBI agents, arguing that the lack of itemization makes it impossible to tell whether any of this time was spent pursuing Rule 11 sanctions. Defendants claimed a total of $6,675.00 for time spent by SBI agents and paralegals, but admitted in oral argument that approximately 40% of this time was spent pursuing Rule 11 sanctions, and thus is unrecoverable. We are concerned by the very general statements made and lack of specificity in the affidavits supporting the costs claimed for paralegal and SBI work, and we find that these costs should not be allowed. The district court may have had in mind this lack of specificity when it concluded that reasonable fees and expenses were $59,000, but reduced this amount to $50,000. However, it failed to make this clear in its order.
 
 
 9
 After carefully reviewing the briefs and the record and considering the oral arguments, we conclude that appellants' remaining challenges are without merit. The district court acted within its discretion in imposing sanctions, and we affirm but we reduce the judgment to $43,325.00 ($50,000 minus $6675.00).
 
 AFFIRMED AS MODIFIED